SAMUEL SEELEY, Respondent, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Court of Appeals, June 1, 1886.*

*Negligence.   Nonsuit.*—Where, in an action to recover damages for the negligent setting fire to and burning plaintiff's barn by coal escaping from the smoke-stack of a locomotive passing on defendant's road adjoining plaintiff's premises, defendant insisted that the fire was caused by either of two engines passing on its road, both of which were claimed to be in perfect order, but it was shown that it might have been caused by another engine having a hole cut in its fire screen and not in good order, it is a question of fact for the jury to determine which engine caused the fire, and a nonsuit is properly refused.

Appeal from a judgment of the general term of the supreme court, reversing a judgment of nonsuit in favor of defendant, and granting a new trial.

*Wm. H. Adams*, for appellant.

*Stephen K. Williams*, for respondent.

PER CURIAM.—The principal question involved in this case is whether the negligence of the defendant caused the barn of the plaintiff to be set on fire.   There was a conflict in the evidence in regard to the fact whether the engine which caused the fire was sufficiently guarded by a screen on the top of the smoke-stack which prevented coals of fire from escaping.   The defendant's counsel claims that the fire was caused by one of two engines passing at about the time of the fire, and which engines were both fully protected in respect to fire screens.   An examination of the testimony discloses that it is not entirely clear whether the fire was

caused by either of the two engines mentioned, or by another which was not properly guarded so as to prevent the escape of coals of fire.

Harriet Burley, a daughter of the plaintiff, testified:

" Some five or six of defendant's locomotives passed there that morning before the fire, going in both directions. * * * There were trains passing there frequently that morning. Trains do frequently pass there without my noticing them. * * * The trains I have mentioned are the only ones *I noticed* within half an hour previous to the fire."

Mrs. Seeley, plaintiff's wife, testified:

" Had seen a number of trains of defendant's cars passing there shortly before I discovered the fire. Fifteen or twenty trains passed there that morning, more or less. * * * I didn't *notice* any train until after I saw the smoke. * * * I was at work in the kitchen just before I discovered the fire. I hadn't been giving attention to the trains. The last train I *noticed* before the fire was the work train. These three were the only locomotives I noticed."

Thomas Cram, a conductor for the defendant, testified that an empty engine went west about the time of the fire, about fifteen or twenty minutes before they were called to the fire; that there were some fires after that engine passed; that he saw several fires immediately after it had passed.

There was no proof given as to the condition of this engine as to the fire screen, but there was some evidence that the fire screens on the other two engines spoken of were in good order. It is, however, nowhere shown that the fire was caused by either of the two last mentioned engines. On the contrary, it is shown that it may have been caused by some other engine, the fire screen of which was not in perfect or even in good order, as many of them had holes cut in to make better draft.

It will thus be seen that it is by no means conclusive that the fire was caused by either of the two engines, which, it was claimed, were in perfect order; and, as the case stood,

it would be a question of fact for the jury to determine which engine caused the fire.

There is no other question in the case that requires attention.

The judgment should be affirmed.

All concur.